# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA YOCUM,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:13-cv-01825 - JLT<br><br>ORDER GRANTING THIRD EXTENSION OF TIME AND DIRECTIGN DEFENDANT TO FILE A RESPONSE TO PLAINTIFF'S OPENING BRIEF NO LATER THAN NOVEMBER 10, 2014.<br><br>(Doc. 16) |

On October 24, 2014, the parties filed a stipulation for Defendant Carolyn Colvin, Acting Commissioner of Social Security, to have a further extension of time to file a response to Plaintiff's opening brief. (Doc. 18.) Importantly, the scheduling order in this action allows for "a *single* thirty (30) day extension" by stipulation of the parties. (Doc. 5 at 4, emphasis added.) This extension was used by the plaintiff, who requested additional time days to prepare and serve her confidential letter brief. (Docs. 11, 13.) Following that initial extension, Defendant filed a request for an extension of time due to "a heavy workload." (Doc. 16.) The Court granted Defendant's request, but cautioned: "**No further extensions of time will be granted without a showing of good cause**." (Doc. 16, emphasis in original.)

Despite this warning, Defendant's counsel seeks a further extension of twenty-one days to file a response to Plaintiff's opening brief." (Doc. 18 at 2.) Ms. Letellier asserts that she was "out of the office from October 6 through October 13, 2014," and she "is responsible for briefing dispositive

1

motions in four other matters between October 20, 2014 and October 28, 2014, as well as other agency matters." (*Id.*)

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009). Here, Defendant's counsel requests the further extension, again reporting she has "a heavy workload." (Doc. 18 at 2.) Presumably, Ms. Letellier was aware of the briefing schedule when the first extension of time was sought. Ms. Letellier provides no explanation as to why the extension of twenty-one days is required, or why fewer days would not be sufficient. Regardless, the Court will grant an extension because Plaintiff does not oppose the request.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's request for a third extension of time is **GRANTED IN PART**; and
2. Defendant **SHALL** a brief in opposition no later than **November 10, 2014**.

IT IS SO ORDERED.

Dated:   **October 27, 2014**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

2